UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHUONG LE,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2612

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24.)

In an order entered on September 22, 2026, the Court directed Respondent to show cause why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondent filed a response on October 6, 2026, (ECF No. 5), and Petitioner filed his reply on October 9, 2026, (ECF No. 6).

## II. Factual Background

Petitioner is a native and citizen of Vietnam. (Bakko Decl. ¶ 4, ECF No. 5-1, PageID.60.) Petitioner was admitted to the United States as a lawful permanent resident in 1989. (*Id.* ¶ 5.) Following a conviction for Criminal Sexual Conduct – Second Degree, the Department of Homeland Security (DHS) served Petitioner was a Notice to Appear (NTA), charging Petitioner with removability under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (*Id.* ¶ 6.)

On October 31, 2006, an immigration judge ordered Petitioner removed to Vietnam. (*Id.* ¶ 8, ECF No. 5-1, PageID.61.) The BIA dismissed Petitioner's appeal of that order on June 12, 2008, and on July 22, 2008, Petitioner was placed in mandatory ICE custody. (*Id.* ¶¶ 9–10.) However, Petitioner was not removed from the United States and, on October 29, 2008, ICE released Petitioner from custody on an Order of Supervision. (*Id.* ¶ 11.)

On February 27, 2026, ICE agents arrested Petitioner. (*Id.* ¶ 13.) Petitioner was served with a notice of revocation of release on February 28, 2026, and, on March 1, 2026, was provided with an informal interview. (Notice of Revocation of Release, ECF No. 1-5, PageID.38; Bakko Decl. ¶ 14, ECF No. 5-1, PageID.61.)

ICE is in possession of travel documents for Petitioner. (Bakko Decl. ¶ 18, ECF NO. 5-1, PageID.62.) Petitioner was originally scheduled for removal to Vietnam on September 8, 2026; however, Petitioner was "not manifested" on that flight and, therefore, was unable to board the flight for removal. (*Id.* ¶ 19.) Petitioner is presently scheduled for escorted removal on a commercial flight on November 8, 2026. (*Id.* ¶ 21, ECF No. 5-1, PageID.63.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner contends that his detention is unlawful under the Due Process Clause because he was not provided with notice that his supervision was being revoked in advance of or at the time of his arrest, and under *Zadvydas v. Davis* Clause because he was not removed as planned on September 8, 2026, and was instead transferred back from Louisiana to Michigan. (Pet., ECF No. 1, Page 20.) In response, Respondents argue that ICE properly revoked Petitioner's Order of Supervision, and Petitioner's detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas* because removal to Vietnam is imminent. (Resp., ECF No. 5, PageID.53–56.)

Here, it is undisputed that Petitioner's order of removal is administratively final. Ordinarily, when an individual is issued a final order of removal, that person must be detained and removed from the country within 90 days. 8 U.S.C. § 1231(a)(1)(A). However, under § 1231(a)(6), the government is permitted release individuals who are deemed "inadmissible" under specified terms of supervision. *Id.* § 1231(a)(6). Consistent with § 1231(a)(6), Petitioner was last released from detention with an Order of Supervision on October 29, 2008.

The government has promulgated regulations in the Code of Federal Regulations concerning the release of noncitizens who are subject to a final removal order. *See* 8 C.F.R. § 241.4; 8 C.F.R. § 241.13. These regulations—specifically, §§ 241.4 and 241.13—also govern the revocation of such noncitizens' release. The agency must comply with the applicable

regulatory and statutory requirements. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954), *superseded in part by statute on other grounds as recognized in Dept. of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 135 (2020

8 C.F.R. § 241.4 generally governs the continued detention of noncitizens under a final order of removal. Section 241.4(l)(2) provides:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section. A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
>
> (i) The purposes of release have been served;
>
> (ii) The alien violates any condition of release;
>
> (iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
>
> (iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

8 C.F.R. § 241.4.

Section 241.13 governs the detention of noncitizens under a final order of removal where "there is no significant likelihood of removal in the reasonably foreseeable future." § 241.13(b). If the noncitizen was released pursuant to § 241.13, release may be revoked if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." § 241.13(i)(2).

Further, the regulations governing release provide that, "[u]pon revocation of release," the noncitizen "will be notified of the reasons for revocation of his or her release," and will be given "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R.

§ 241.4(l)(1); 8 C.F.R. § 241.13(i). Courts examining the requirements for revocation of release following a final order of removal have consistently held that the procedural requirements of notice and an interview are required for revocation of a noncitizen's release. *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (collecting cases; citations omitted).

Here, Petitioner was provided with notice of the reasons for the revocation of his release on February 28, 2026, and was provided with an informal interview promptly after his arrest on March 1, 2026. (Notice of Revocation of Release, ECF No. 1-5, PageID.38; Bakko Decl. ¶ 14, ECF No. 5-1, PageID.61.); *see* 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(i). Therefore, Petitioner is not entitled to habeas relief based upon the revocation of his Order of Supervision.

Petitioner also argues that he is entitled to release under *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added).

Here, Petitioner's order of removal became final in 2008. Therefore, it is undisputed that the 90-day period expired long before Petitioner's present detention.

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take a person who has been ordered removed. 533 U.S. at 682. In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal." *Id.* at 699. Therefore, the Court concluded that the removal itself must be reasonably foreseeable to fall within post-removal-order detention authorized by the statute. *Id.* The Court indicated that there was no specific point in time at which the detention became constitutionally impermissible, and that the allowable period

would vary from case to case. *Id.* Still, to assist the lower courts in making the difficult judgment calls about the lawfulness of detention, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. But, even after six months, the Court made clear that the detention may continue unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon. *Id.* Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future). Here, the Government has produced evidence to demonstrate that Petitioner's removal to Vietnam is reasonably foreseeable, set to occur on November 8, 2026. Therefore, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter an order and judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice and addressing the pending motions in this case.

Dated: October 13, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge